Leonard N. **BASTIDA**, Petitioner-Appellee,

v.

Hon. Matthew S. **BRANIFF**, Judge, Div. "B", etc., et al., Respondents-Appellants.

No. 71–1042.

United States Court of Appeals, Fifth Circuit.

June 7, 1971.

Rehearing Denied July 12, 1971.

Numa V. Bertel, Jr., Asst. Dist. Atty., Jim Garrison, Dist. Atty., Parish of Orleans, New Orleans, La., for respondents-appellants.

George M. Strickler, Jr., John P. Nelson, Jr., New Orleans, La., for petitioner-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a decision, D. C., 321 F.Supp. 273, sustaining a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c) (3) and granting certain injunctive relief requested by the petitioner. We affirm the granting of the writ, but vacate the injunction.

Appellee, Bastida, was convicted of simple burglary in Section B of the Criminal District Court for the Parish of Orleans. The presiding judge, Honorable Matthew S. Braniff, subsequently sentenced Bastida to nine years at hard labor, the maximum sentence. After exhausting his state court remedies, Bastida petitioned the U.S. District Court for the Eastern District of Louisiana for a writ of habeas corpus on the ground that his Fourteenth Amendment rights had been violated by Judge Braniff's refusal to allow full cross examination of the prosecution's principal witness and impeachment of his testimony. Bastida v. Henderson, Misc. No. 1549 (E.D.La. May 5, 1970). The trial court granted the writ.

Bastida was retried on May 28, 1970 before Judge Braniff on his order. On May 18th Bastida retained trial counsel. On May 19th his counsel was informed for the first time that the state intended to introduce inculpatory oral statements, allegedly made by Bastida, which had not been introduced at his first trial, but the admissibility of which had been determined at a hearing on a motion to suppress prior to the 1966 trial. Since Bastida's present counsel had not represented him at the first trial and was without knowledge as to the nature of the inculpatory statements and the testimony at the suppression hearing, he immediately requested that a transcript of the hearing be prepared and was assured by Judge Braniff that it would be made available within a matter of days. On May 21st, not having received the transcript, Bastida's counsel filed a second motion for continuance citing the grounds urged on the first motion and the unavailability of the suppression transcript. Though the transcript was still not available, this motion was overruled. In addition, Judge Braniff ruled that he would not entertain a new motion to suppress because Bastida's rights had been preserved in the original hearing. Judge Braniff also denied a defense motion for a subpoena *duces tecum* for the juvenile delinquency records of the prosecution's witness who had testified against Bastida in the first trial. Counsel for appellee immediately petitioned the Louisiana Supreme Court for writs of certiorari, prohibition and mandamus to require Judge Braniff to grant a continuance. They were denied. 256 La. 83, 235 So.2d 102.

The transcript of the suppression hearing, which was 55 pages in length, was finally given to Bastida's counsel approximately ten minutes before trial on May 28th. A third motion for con-

tinuance was then made, but this too was promptly denied.

■ We feel that denial of this continuance seriously affected petitioner's right to a fair and adequate trial. In the words of the habeas corpus trial court:

At the evidentiary hearing in this court, Mr. Nelson [appellee's counsel] testified that the state's case against Bastida on May 28 consisted essentially of the testimony of Jeffrey Billeaud concerning the alleged participation of petitioner in the burglary, and the testimony of two police officers who arrested Bastida concerning incriminating statements allegedly made to them by Bastida. Certain physical evidence was also introduced.

Mr. Nelson further testified that because of his inability to carefully study the suppression transcript before trial, he was unable to adequately cross-examine the two police officers who testified at the trial. Mr. Nelson stated that certain statements made by these officers during the trial differed materially from testimony they had given at the suppression hearing, but that these inconsistencies could only have been discovered by a careful reading of the suppression transcript prior to trial. He also stated that certain rebuttal witnesses would have been called if there had been sufficient time to review the transcript before trial.

The court again granted habeas relief. We agree. As this court has stated in Hintz v. Beto, 379 F.2d 937, at 941, "the right to counsel afforded under the Sixth Amendment means the effective assistance of counsel and effective assistance requires time for preparation." Surely, with a transcript as important and as lengthy as is involved here, counsel needed much more than ten minutes adequately to prepare his case.

In addition to granting the writ a second time the district court also entered the following order:

While comity between federal and state judicial systems is to be fostered, comity cannot be sought at the expense of the federally protected right of criminal defendants to receive due process of law and a fair trial in state courts. Law and justice require that if Bastida is retried by the State, Judge Braniff and Assistant District Attorney Wimberly not participate in that trial. * * *

* * * In the event the State decides to retry petitioner in accordance with the Order, the defendant Matthew S. Braniff is restrained from presiding over or otherwise participating in such retrial and the defendant Shirley G. Wimberly, Jr. is restrained from prosecuting or otherwise participating in such retrial.

■ Since the prime bone of contention, the hearing transcript has now been made available, we feel it is no longer necessary or, indeed, appropriate, that Judge Braniff be enjoined from presiding at the re-trial of this case or that District Attorney Wimberly not be allowed to prosecute. It goes without saying that a federal court should not become involved in the judicial administration of the state court system if any reasonable alternative exists by which adequate relief can be afforded.

Nevertheless, we do recognize that we are dealing with a most unusual situation. Indeed, the trial court found that:

Petitioner was pressured into withdrawing a motion for continuance of his original trial by Judge Braniff's threat to substantially raise his bond if he persisted. After being convicted, petitioner was coerced to abandon his appeal by representations that he would be "double-billed" and sentenced to double his original sentence. Defendant Wimberly [prosecuting attorney] also threatened to "double-bill" petitioner if he was successful in this Court and then reconvicted. Judge Braniff further attempted to persuade petitioner to forego his efforts in this Court by promising not to oppose his

parole the next time he became eligible. In addition, Judge Braniff and D. A. Wimberly have both expressed extreme hostility toward this Court for granting relief to petitioner and toward petitioner for seeking such relief.

In light of these threats and expressions of obvious ill will toward Bastida for his attempts to secure his federal rights, we do feel it is appropriate that the District Court retain jurisdiction of this case until any new trial that may be held and any subsequent sentencing has been completed.

The grant of the writ is affirmed; the injunctive order is vacated and the case is remanded for further proceedings not inconsistent with this opinion.